UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAMITA FULGHEN,

    Plaintiff,

v.

JOHN E. POTTER, Postmaster General,

    Defendant.
    _____/

Case No. 10-11150

Honorable Patrick J. Duggan

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on_November 16, 2010.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                   U.S. DISTRICT COURT JUDGE

On March 22, 2010, Damita Fulghen ("Plaintiff") filed this *pro se* action against John Potter, United States Postmaster General, alleging retaliation and employment discrimination on the basis of a disability. Plaintiff seeks recovery under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* Plaintiff also alleges that she was denied leave in violation of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq.* Before the Court is Defendant's Motion for Summary Judgment, filed on August 13, 2010. The Court dispenses with oral argument pursuant to E. D. Mich. LR 7(f)(2), and for the reasons stated below, grants Defendant's Motion.

## I. Factual and Procedural Background

In 2005, Plaintiff worked as a Customer Service and Sales Associate at the United States Postal Service store in the Penobscot Building, located in Detroit, Michigan. Plaintiff suffers from chronic ulcerative colitis, an incurable digestive tract condition that causes intermittent abdominal pain and difficulty controlling the frequency of bowel movements. Def.'s Br. Ex. 2 at 3. Plaintiff alleges that this condition caused her to arrive at work late, because on days when her condition "flares up," she must begin the day by laying on her side for thirty minutes. *Id.*

On June 6, 2005, Plaintiff felt ill and apparently arrived late at work. She requested FMLA leave for this absence, directing her request to Constance Moore, the Postal Service's local FMLA Coordinator. *Id.* at 1. Moore explained that Plaintiff's existing FMLA documentation did not state that her illness would cause her to be late for work. *Id.* Moore told Plaintiff that her absence was not therefore protected under FMLA. *Id.* Plaintiff verbally explained why her condition sometimes caused her to arrive late for work, but Moore required certification from a physician. *Id.* at 5. Moore sent Plaintiff a letter the following day, instructing her to return medical documentation excusing the absence within fifteen days. Def.'s Br. Ex. 4.

As of July 1, 2005, Plaintiff had not submitted documentation to the Postal Service's Medical Unit concerning her leave request. Def.'s Br. Ex. 5. Moore sent Plaintiff a letter that day, stating that because no medical documentation had been provided, her June 6, 2005 absence was not FMLA-protected. Def.'s Br. Ex. 5.

Plaintiff filed an administrative complaint on July 6, 2005, alleging that Defendant

discriminated against her on the basis of a disability by denying her FMLA leave request. She also alleged that the Postal Service denied her request in retaliation for prior equal employment opportunity activity. This complaint was investigated at a hearing held on April 30, 2007, before Administrative Judge David Treeter of the Equal Employment Opportunity Commission ("EEOC").

On June 5, 2007, Administrative Judge Treeter issued a written decision, finding that Defendant had not discriminated or retaliated against Plaintiff. Def.'s Br. Ex. 9 at 2. He concluded that Defendant articulated legitimate, non-discriminatory reasons for denying Plaintiff's request, as she failed to provide documentation supporting her use of FMLA leave in instances of tardiness. *Id.* at 6. Administrative Judge Treeter found that Plaintiff failed to present evidence showing that Defendant's reason for denying leave was a pretext for discrimination. Turning to the retaliation claim, Administrative Judge Treeter concluded that Plaintiff had not established a prima facie case, as she presented no evidence showing that Defendant's managers were aware of her prior equal employment opportunity activity. Accordingly, he entered judgment for Defendant. Plaintiff appealed to the EEOC's Office of Federal Operations, but her appeal was denied on September 30, 2009. The Office of Federal Operations denied reconsideration on January 21, 2010.

Plaintiff responded by filing this action on March 22, 2010, asserting claims under Title VII for retaliation and employment discrimination on the basis of a disability. Plaintiff also contends that Defendant violated the FMLA by denying her request for leave. Defendant moved for summary judgment on August 13, 2010.

**II. Standard of Review**

Summary judgment is appropriate only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 2512 (1986). After adequate time for discovery and upon motion, Rule 56(c) mandates summary judgment against a party who fails to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). The movant has an initial burden of showing "the absence of a genuine issue of material fact." *Id*. at 323, 106 S. Ct. at 2553.

Once the movant meets this burden, the non-movant must come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986). "When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading . . . ." Fed. R. Civ. P. 56(e)(2). To demonstrate a genuine issue, the non-movant must present sufficient evidence upon which a jury could reasonably find for the non-movant; a "scintilla of evidence" is insufficient. *Liberty Lobby*, 477 U.S. at 252, 106 S. Ct. at 2512. The court must accept as true the non-movant's evidence and draw "all justifiable inferences" in the non-movant's favor. *Id.* at 255, 106 S. Ct. at 2513. The inquiry is whether the evidence presented is such that a jury applying the relevant evidentiary standard could "reasonably find for either the

plaintiff or the defendant." *Id.*, 106 S. Ct. at 2514.

## III. Analysis

### A. Plaintiff's FMLA Claim

Defendant argues that Plaintiff's FMLA claim is untimely, and the Court agrees. A plaintiff asserting an FMLA claim must bring the action within two years after the date of the last alleged violation. 29 U.S.C. § 2617(c)(1). If the violation is "willful," the limitation period runs three years from the date of the last alleged violation. 29 U.S.C. § 2617(c)(2). Plaintiff alleges that Defendant last violated the FMLA by denying her request for leave in June 2005. She filed this action in March 2010, nearly five years later. Plaintiff's claim is untimely, regardless of whether the alleged violation was willful.

Tolling of the statute of limitations cannot save Plaintiff's claim. District courts have held that because a plaintiff need not exhaust administrative remedies before bringing an FMLA action, the filing of a discrimination charge with the EEOC does not toll the FMLA statute of limitations.[1] *Duckett v. Tennessee*, No. 3:10-0067, 2010 U.S. Dist. LEXIS 98519, at *7 (M.D. Tenn. Sep. 20, 2010); *Shannon v. City of Philadelphia*, No. 98-5277, 1999 U.S. Dist. LEXIS 2428, at *12 (E.D. Pa. Mar. 5, 1999). The Court must therefore grant Defendant summary judgment on Plaintiff's FMLA claim.

### B. Plaintiff's Disability Discrimination Claim

The Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*, provides the exclusive

---

[1] Courts have also found authority for this proposition in *Johnson v. Railway Express Agency*, 421 U.S. 454, 465-67, 95 S. Ct. 1716, 1723-24 (1975) (holding that an EEOC filing did not toll the limitation period for an action under 42 U.S.C. § 1981).

5

remedy for a federal employee alleging employment discrimination based on a disability. *Jones v. Potter*, 488 F.3d 397, 403 (6th Cir. 2007). A plaintiff may use either direct or circumstantial evidence to prove her case. *Id.* "[D]irect evidence is that evidence which, if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions." *Jacklyn v. Schering-Plough Healthcare Prods. Sales Corp.*, 176 F.3d 921, 926 (6th Cir. 1999). Circumstantial evidence, by contrast, is evidence from which the jury may infer discriminatory intent. *Manzer v. Diamond Shamrock Chems. Co.*, 29 F.3d 1078, 1081 (6th Cir. 1994). Absent direct evidence of discriminatory intent, a plaintiff's claims are subject to a burden-shifting analysis:

> The initial burden rests with the plaintiff to establish a prima facie case of discrimination. If the plaintiff establishes a prima facie case, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the challenged employment decision. Should the employer carry this burden, then the burden returns to the plaintiff to prove by a preponderance of the evidence that the employer's proffered reason was in fact a pretext designed to mask illegal discrimination.

*Jones*, 488 F.3d at 404 (citations omitted) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S. Ct. 1817, 1824 (1973)).

Plaintiff argues that denial of her FMLA leave request constitutes prohibited discrimination based on her alleged disability, chronic ulcerative colitis. Because Plaintiff has not produced direct evidence of discriminatory intent, the Court applies the burden-shifting analysis.

To establish a prima facie case of employment discrimination on the basis of a disability, a plaintiff must show: (1) that she is disabled; (2) that she is otherwise qualified for the job, with or without reasonable accommodation; (3) that she suffered an adverse

employment action; (4) that her employer knew or had reason to know of her disability; and (5) that, following the adverse employment action, either she was replaced by a nondisabled person or her position remained open. *Id.* The final element of the prima facie case may also be satisfied by showing that similarly situated non-protected employees were treated more favorably. *Id.*

Defendant contends that Plaintiff has not suffered an adverse employment action, and therefore cannot establish her prima facie case. The Court agrees. An employer's action is not considered adverse simply because it makes the employee unhappy or resentful. *Primes v. Reno*, 190 F.3d 765, 767 (6th Cir. 1999). Only an action that represents a change in the terms and conditions of employment gives rise to a discrimination claim. *Hollins v. Atl. Co.*, 188 F.3d 652, 662 (6th Cir. 1999). Plaintiff has pointed to no change in the terms and conditions of her employment resulting from the denial of FMLA leave to cover instances of tardiness. Accordingly, this decision is not actionable, and the Court grants summary judgment on Plaintiff's employment discrimination claim.

## C. Plaintiff's Retaliation Claim

The *McDonnell Douglas* burden-shifting analysis applies to retaliation claims under the Rehabilitation Act. *Gribcheck v. Runyon*, 245 F.3d 547, 550 (6th Cir. 2001). A prima facie case of retaliation has four elements: (1) the plaintiff engaged in legally protected activity; (2) the defendant knew about the plaintiff's exercise of this right; (3) the defendant took an employment action adverse to the plaintiff; and (4) the protected activity and the adverse employment action are causally connected. *Id.*

Plaintiff alleges retaliation based on the same action supporting her discrimination claim. The Court has concluded, however, that denial of Plaintiff's request for FMLA leave to cover instances of tardiness did not constitute an adverse employment action. Because Plaintiff must identify an adverse employment action as part of her prima facie case, her retaliation claim fails as a matter of law.

## IV. Conclusion

For the reasons stated above,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment is **GRANTED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:

Vanessa Miree Mays

Damita Fulghen
18651 Marlowe
Detroit, MI 48235